Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart (SBN: 306499)
yana@westcoastlitigation.com
**Hyde & Swigart, APC**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Fax: (619) 297-1022

[Additional Attorney on Signature Page]

*Attorneys for Plaintiff*
Alphonso Gregory

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALPHONSO GREGORY, on behalf of himself and all other similarly situated class members,**<br><br>       Plaintiff,<br><br>v.<br><br>**SYSTEMATIC NATIONAL COLLECTIONS, INC., and DOES 1-20,**<br><br>       Defendants. | Case No:  **'18 CV 2657 DMS JLB**<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br>**(1) THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692, *et seq.*; AND**<br>**(2) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ Code §§ 1788, *et seq.***<br><br>**JURY TRIAL DEMANDED** |

*Sidebar (vertical text):* HYDE & SWIGART, APC — 2221 CAMINO DEL RIO SOUTH SUITE 101 — SAN DIEGO, CA 92108

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Alphonso Gregory ("Plaintiff"), through his attorneys, brings this action to challenge the conduct of Systematic National Collections, Inc. ("Defendant") in response to Defendant's attempts to unlawfully and abusively collect a debt allegedly owed by Plaintiff, conduct that caused Plaintiff's injuries.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all conduct engaged in by Defendant took place in California.

7. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid these violations.

8. All violations alleged regarding the FDCPA are material violations of the FDCPA as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

## JURISDICTION AND VENUE

9. This Court has original and supplemental jurisdiction pursuant to 15 U.S.C. § 1692, *et seq.*, 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

10. This Court has personal jurisdiction because Defendant is a domestic corporation located in Vista, California. Further, Defendant regularly conducts business in California, collecting debts on behalf of its creditor client. Finally, as illustrated below, Defendant directed its unlawful collection practices at the forum state.

11. A substantial part of the events or omissions giving rise to this claim occurred in San Diego, California against Plaintiff who resides in the County of San Diego, State of California. Thus, venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

12. At all times relevant, Defendant conducted business within the County of San Diego, State of California.

## PARTIES AND DEFINITIONS

13. Plaintiff is a natural person who resides in the City of San Diego, State of California. As discussed below, Plaintiff allegedly incurred a financial

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

1
2
3
4
5

obligation to San Luis Rey in regard to an automobile towing service that was performed by San Luis Rey on behalf of Plaintiff. This tow was primarily for personal purposes. Therefore, Plaintiff is a "consumer" and a "debtor," as those terms are defined by 15 U.S.C. § 1692a(3) and Cal Civ. Code § 1788.2(h).

6
7

14. Furthermore, the loan is a "consumer debt" and a "debt," as those terms are defined by 15 U.S.C. § 1692a(5) and Cal Civ. Code § 1788.2(d).

8
9
10
11
12
13
14
15
16
17

15. According to its very own website, Defendant "pursues past due consumer and commercial account receivables through conventional collection efforts and through a network of local and national bonded collection law firms." (https://www.snccollections.com/index.php/services). On behalf of its creditor clients, Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due, as illustrated below. In doing so, Defendant uses instrumentalities of interstate commerce and the mail for the principal purpose of collecting debts. Therefore, Defendant is a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ Code § 1788.2(c).

18
19

16. Defendant is a California corporation with its principal place of business in the County of San Diego, State of California.

20

**FACTUAL ALLEGATIONS**

21
22
23
24
25

17. Sometime in 2005, Plaintiff allegedly incurred a financial obligation (the "Debt") to San Luis Rey Towing. Because this complaint alleges violations of the FDCPA and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), the validity and circumstances surrounding the Debt are irrelevant and will be discussed only to provide context.

26
27

18. Plaintiff allegedly fell behind in payments on the Debt, so it was placed with Defendant for collection purposes.

28

19. It was not until September 20, 2017—approximately twelve years after the Debt was incurred—when Defendant sent its first of a series of collection letters that demanded payment on the Debt.

20. Over the next ten months, Defendant consistently sent Plaintiff at least one collection letter a month, totaling at least fourteen, all of which demanded payment on the Debt.

21. Defendant's letters initially indicated that Defendant may have already reported the Debt to credit reporting agencies.

22. Then starting on November 22, 2017, Defendant progressed its ambiguous threats to full-blown misrepresentations that it had in fact "chosen to exercise [its] right to report this account to the three major nationwide credit bureaus, TransUnion, Equifax, and Experian because of [Platiniff's] refusal to pay."

23. On December 6, 2017, after stating Plaintiff had "left [Defendant] no choice," Defendant sent a letter to Plaintiff threating to take legal action in pursuit of the twelve-year-old Debt.

24. In the proceeding months, Defendant continued a spree of similar letters. On January 10, 2018; February 7, 2018; April 11, 2018; and July 19, 2018, Defendant further intimidated Plaintiff with the threat that Defendant may report the Debt, or some derivative thereof.

25. Between these months, on March 14, 2018, and June 14, 2018, Defendant once again retained the position that it had in fact already reported the Debt to the major credit reporting agencies.

26. However, in February 2018—approximately three months after Defendant first unequivocally stated it had reported the Debt to the above credit bureaus— Plaintiff ran a credit report. Despite Defendant's bluster, the credit report showed that the Debt was not reported. In other words, Defendant misrepresented to Plaintiff that it credit reported the Debt.

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

27. Further, following Defendant's misrepresentation, and in accordance with its pattern of threatening collection letters, in January 2018, Defendant sent Plaintiff two additional letters attempting to intimidate Plaintiff into paying the decade-old Debt with threats of legal action. Defendant went so far as to threaten Plaintiff with wage garnishment and inappropriately stating to Plaintiff that, "we cannot believe you wish these events to occur."

28. And on May 3, 2018, Defendant implicitly represented that it was entitled to the Debt by demanding Plaintiff pay an inexplicable interest rate.

29. In fact, upon information and belief, Defendant began charging Plaintiff interest and demanding payment of the interest on each collection letter sent to Plaintiff when Defendant acquired the Debt.

30. Despite the age of the Debt and Defendant's failure to report the Debt to credit bureaus, Defendant's continued collection letters, explicitly state it is "not going to stop [ ] collection effort on [Plaintiff's] account."

### 15 U.S.C. § 1692e

31. Under 15 U.S.C. § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." This includes, but is not limited to, "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken," and "the use of any false representation or deceptive means to collect or attempt or collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e, subds. (5) & (10).

32. A collection agency may not report a debt to a credit reporting bureau if the debt is more than seven years old. 15 U.S.C. § 1681c(4).

33. Defendant not only made a false threat to take action that it could not legally take, Defendant falsely represented to Plaintiff that it had already taken such illegal actions. The Debt originated in 2005. Then on November 22, 2017—approximately 12 years after the Debt originated—Defendant sent Plaintiff a

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

1    collection letter that it may have already reported the Debt, then subsequent

2    letters that it reserved the right to report the Debt to the thee major credit

3    bureaus: Trans Union, Equifax, and Experian.   Defendant, therefore,

4    threatened to take an action that it could not legally take, Moreover,

5    Defendant's knowledge of its unlawful conduct is evidenced by the

6    "Collection Procedures" section of its very own website states: "[a]ll

7    delinquent accounts are reported to the major bureaus on a monthly basis. This

8    derogatory information will remain on a debtor's credit report for a period of

9    up to seven years." (https://www.snccollections.com/index.php/investigations-

10    collection-procedures). Thus, not only did Defendant knowingly and willfully

11    make a false representation that the Debt could still be reported, it also

12    threatened to take an action that it could not legally take.

13    34.  In addition, Defendant had no intention of credit reporting the Debt.

14    Defendant's November 22, 2017, March 3, 3018, and June 14, 2018, letters

15    were unambiguous statements that the Debt had been reported to the foregoing

16    credit bureaus. Upon an investigation into this claim, however, Plaintiff

17    discovered that this was a misrepresentation. In February 2018, Plaintiff pulled

18    his credit and discovered that the Debt had not been reported.  Nonetheless,

19    Defendant continues to send Defendant collection letters indicating that it has

20    in fact reported the Debt. Thus, Defendant falsely represented that it had

21    reported the Debt, in addition to threatening to take an action that it had no

22    intention of taking.

23    35.  Next, Defendant's string of letters in December 2017, and January 2018,

24    indicate Defendant's attempts to collect on a Debt well beyond the four-year

25    statute of limitations. Despite the expiration of the statute of limitations,

26    Defendant threatened Plaintiff with proceeding with legal action, potentially

27    obtaining a judgment against Plaintiff, and garnishing Plaintiff's wages.

28

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

1   36. For the above reasons, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. §
2       1692e subds. (5) & (10).

3   **15 U.S.C § 1692f**

4   37. 15 U.S.C § 1692f states that "[a] debt collector may not use unfair or
5       unconscionable means to collect or attempt to collect any debt." This includes,
6       but is not limited to, "[t]he collection of any amount . . . unless such amount is
7       expressly authorized by the agreement creating the debt or permitted by law."

8   38. Defendant threatened to take action that it knew it could not legally take. This
9       is evidenced by Defendant's admission on its website that "[t]his derogatory
10      information will remain on a debtor's credit report for a period of up to seven
11      years." This is further evidenced by the fact that Defendant did not actually
12      report the Debt. This empty threat, therefore, was nothing more than a scare
13      tactic that has no legal basis. Thus, it was unfair and unconscionable of
14      Defendant to threaten to take an action the it could not legally take, and did
15      not intent to take, that was in direct violation of Plaintiff's consumer rights.

16  39. Further, debt collection laws override private agreements. Thus, a consumer
17      cannot waive its rights, including the right to stop debt collectors from
18      reporting debts that are more than seven years old. Thus, there is no private
19      agreement that could extend the seven year window. And as illustrated above,
20      reporting a debt that is more than seven years old is strictly forbidden by law.
21      For these reasons, Defendant violated 15 U.S.C § 1692f and 15 U.S.C § 1692f,
22      subd. (1).

23  **Cal Civ. Code §§ 1788, *et seq.***

24  40. The RFDCPA incorporates the above FDCPA provisions through Cal. Civ.
25      Code § 1788.17. Thus, in violating the above provisions of the FDCPA,
26      Defendant violated Cal. Civ. Code § 1788.17.

27  **Class Action Allegations**

28

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

41. Plaintiff brings this action on behalf of himself and all others similarly situated as a member of the proposed class ("Class"). This class is defined as follows: All persons within California who received any collection correspondence from Defendant, within the year preceding the filing of this action that contains language identical or substantially similar to the correspondences that Plaintiff received from Defendant, for which the statute of limitations has expired on the debt Defendant was seeking to collect.

42. Plaintiff alleges a statewide subclass of persons who received at least one collection correspondence from Defendant between the date of filing this action and one years preceding, that contains language identical or substantially similar to the correspondences Plaintiff received from Defendant, for which Defendant stated it had reported a debt to a collection reporting agency when it had not actually done so.

43. Plaintiff alleges a third class of persons within California who received any collection correspondence from Defendant, within the year preceding the filing of this action that contains language identical or substantially similar to the correspondences that Plaintiff received from Defendant, for which Defendant threatened to report a debt to a credit reporting bureau where the debt is more than seven years old.

44. Plaintiff represents, and is a member of, the Class because Plaintiff received Defendant's collection correspondences, which outline Defendant's unlawful debt collection practices that are the subject of this lawsuit.

45. Defendant, as well as its employees and agents, is excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number is in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

46. Plaintiff and the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, threatened to report the debts—that were more than seven years old—of Plaintiff and the Class without any intention of actually doing so. Also, Defendant threatened to legal action, which it had no right to take based on the expiration of the statute of limitations for debt collection.

47. **Numerosity**. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of the Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class includes hundreds of members. Plaintiff alleges that the Class members may be ascertained by the records maintained by Defendant.

48. This suit seeks damages on behalf of the Class.  This suit does not request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as facts are learned through investigation and discovery.

49. **Existence and Predominance of Common Questions of Law and Fact**. Common questions of fact and law exist as to all members of the Class, which predominate over any questions affecting individual members of the Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following: whether Defendant's collection notices violated the FDCPA and RFDCPA; whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation(s); and whether Defendant should be enjoined from engaging in such conduct in the future.

50. **Typicality**. Plaintiff is asserting claims that are typical of the Class: Plaintiff received a collection notice from Defendant that threatened to report a debt

that was more than seven years old, even though Defendant had no intention of actually reporting the debt. And Plaintiff received additional collection notices threating legal proceedings, which Defendant could not take.

51. **Adequacy of Representation**. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.

52. **Superiority**. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

53. Separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members who are not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 ET SEQ.

54. Plaintiff repeats, re-alleges, and incorporates by reference, all allegations of this Complaint as though fully stated herein.

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

55. The foregoing acts and omissions constitute multiple violations of the FDCPA, including but not limited to the above-cited provision of the FDCPA, 15 U.S.C. §1692 *et seq*.

56. As a result of each and every violation of the FDCPA, Plaintiff and the Class are entitled to any actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## CAL. CIV. CODE §§ 1788-1788.32

57. Plaintiff repeats, re-alleges, and incorporates by reference, all allegations of this Complaint as though fully stated herein.

58. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA, including but not limited to the above-cited provisions of the FDCPA.

59. As a result of each and every violation of the FDCPA, Plaintiff and the Class are entitled to any actual damages pursuant to Cal. Civ Code § 1788.30(a); statutory damages in the amount up to $1,000.00 pursuant to Cal. Civ Code § 1788.30(b); and reasonable attorneys' fees and costs pursuant to Cal. Civ Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

• Certify the Class as requested herein;

• Appoint Plaintiff to serve as the Class Representative in this matter;

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

1   • Appoint Plaintiff's Counsel as Class Counsel in this matter; and

2   • Any such further relief as may be just and proper.

3   In addition, Plaintiff and the Class pray for further judgment as follows against

4   each Defendant:

5   **FIRST CAUSE OF ACTION**

6   **FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692**

7   **ET SEQ.**

8   • An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

9   • An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §

10   1692k(a)(2)(A), for himself and each Class member;

11   • An award of costs of litigation and reasonable attorney's fees, pursuant to 15

12   U.S.C. § 1692k(a)(3); and

13   • Any other relief this Court should deem just and proper.

14   **SECOND CAUSE OF ACTION**

15   **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL. CIV.**

16   **CODE §§ 1788-1788.32**

17   • An award of actual damages pursuant to California Civil Code § 1788.30(a);

18   • An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §

19   1788.30(b), for himself and each Class member;

20   • An award of costs of litigation and reasonable attorney's fees, pursuant to Cal.

21   Civ. Code § 1788.30(c); and

22   • Any other relief this Court should deem just and proper.

23   ///

24   ///

25   ///

26   ///

27   ///

28

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

1

## TRIAL BY JURY

2   Pursuant to the Seventh Amendment to the Constitution of the United States

3   of America, Plaintiff is entitled to, and demands, a trial by jury.

4

5   Date: November 19, 2018                    **Hyde & Swigart, APC**

6

7                                              By: /s/ Joshua B. Swigart

8                                                  Joshua B. Swigart, Esq.
                                                   Attorney For Plaintiff

9   **Additional Attorney**

10

11  Albert R. Limberg, Esq. (SBN 211110)
    alimberg@limberglawoffice.com
12  **LAW OFFICE OF ALBERT R. LIMBERG**
    3667 Voltaire Street
13  San Diego, CA 92106
    Telephone: (619) 344-8667
14  Facsimile: (619) 344-8657

15

16

17

18

19

20

21

22

23

24

25

26

27

28